Steven J. FLETCHER, Gayle B. Fletcher and Carla J.
Fletcher, Plaintiffs-Respondents-Cross-Appellants,

v.

The AETNA CASUALTY & SURETY COMPANY,
Defendant-Appellant-Cross-Respondent,†

NEW YORK LIFE INSURANCE COMPANY,
Defendant.

Court of Appeals

*No. 91-0785. Submitted on briefs September 16,
1991.—Decided October 29, 1991.*

(Also reported in 477 N.W.2d 90.)

†Petition to review denied.

On behalf of defendant-appellant cross-respondent, the cause was submitted on the briefs of *Lawrence J. Wiesneske* for *John Schiek* of *O'Melia, Schiek & McEldowney, S.C.* of Rhinelander.

On behalf of plaintiffs-respondents, the cause was submitted on the briefs of *Carl L. Ricciardi* and *Virginia M. Antoine* of *Habush, Habush & Davis, S.C.* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LAROCQUE J.  Aetna Casualty & Surety Company appeals an order declaring that the dune buggy Steven Fletcher occupied as a passenger when he was injured is a covered vehicle under the uninsured motor vehicle (UM) provisions of two liability policies issued to Gayle Fletcher, Steven's father.[1] The Fletchers seek recovery for Steven's injuries under the UM provisions of their Aetna policies and obtained partial summary judgment. The policies exclude from UM coverage any vehicle "[w]hich is a farm type tractor or equipment designed mainly for use off public roads while not on public roads."[2] Aetna argues that the phrase "farm type"

---

[1] This court construes the notice of appeal as a petition for leave to appeal a nonfinal order pursuant to sec. 808.03, Stats. There remain before the trial court issues of negligence and damages. The issue of coverage has been fully briefed, and our decision may materially advance the termination of the litigation.

[2] Aetna's policy defines an uninsured motor vehicle as a "land motor vehicle or trailer of any type . . . [t]o which no bodily injury liability bond or policy applies at the time of the accident."

modifies only the word "tractor" and that "equipment" refers to non-farm equipment. Therefore, Aetna argues that the dune buggy is excluded because it was designed for and used off a public road.[3] The trial court concluded that the policy is ambiguous because the phrase "farm type" could reasonably be read to modify both "tractor" and "equipment." Because ambiguities must be construed in favor of the insured, we agree with the trial court that the exclusion refers to farm-type tractors and farm-type equipment and not to a dune buggy. We therefore affirm.

The material facts relating to the dispositive issue are undisputed. Steven was injured while riding as a passenger in a dune buggy. Aetna concedes that the dune buggy was uninsured. At the time of the accident, the Fletchers had in effect two policies of motor vehicle liability insurance. Both policies provided UM coverage and contained identical language. Steven was sixteen when the accident occurred, was living with his parents and was an additional insured under these policies.

The interpretation of words or clauses in an insurance contract is a question of law that we review without deference to the trial court. *Just v. Land Reclamation, Ltd.,* 155 Wis. 2d 737, 744, 456 N.W.2d 570, 572 (1990). We may not modify the unambiguous language of an insurance policy. *Schroeder v. Blue Cross & Blue Shield,* 153 Wis. 2d 165, 173, 450 N.W.2d 470, 473 (Ct. App. 1989). However, where an ambiguity exists, we must

---

[3]The parties dispute whether the logging road where the accident occurred was not a public road. The circuit court concluded that the road was not a public road. The Fletchers cross-appeal that portion of the court's order. We need not review the cross-appeal in view of our holding that the exclusion only applies to farm-type tractors or farm-type equipment.

construe the policy against its drafter and in favor of the insured. *Id.* An ambiguity exists when the policy is reasonably susceptible to more than one construction from the viewpoint of a reasonable person of ordinary intelligence in the position of the insured. *Northwestern Nat'l Ins. Co. v. Nemetz,* 135 Wis. 2d 245, 255, 400 N.W.2d 33, 37 (Ct. App. 1986).

Aetna argues that the dune buggy is not covered under the terms of UM coverage because an uninsured motor vehicle does not include any vehicle "[w]hich is a farm type tractor or equipment designed mainly for use off public roads while not on public roads." Aetna contends that this language is unambiguous and the only meaning of the phrase in the mind of a reasonable person would include farm tractors as well as any other types of vehicles principally designed and used for offroad purposes. We disagree.

It is uncertain whether the adjective phrase "farm type" modifies both the word "tractor" as well as the word "equipment," or just the word "tractor." This uncertainty is increased by the absence of commas after the words "tractor" and "roads." A reasonable person could construe the provision either to exclude only farm-type tractors or farm equipment or to exclude farm-type tractors as well as any other equipment that is not designed mainly for use on public roads.

Aetna contends that if the phrase "farm type" is construed to modify both "tractor" and "equipment," then the word "tractor" is rendered superfluous because farm-type equipment necessarily includes tractors. Under different circumstances, a construction that gives reasonable meaning to every provision of an insurance contract is preferable to one leaving part of the language

355

useless or meaningless. *Stanhope v. Brown County,* 90 Wis. 2d 823, 848–49, 280 N.W.2d 711, 722 (1979). Here, however, under Aetna's construction, the phrase "farm type tractor" would also be rendered superfluous. A farm tractor is equipment designed primarily for use off public roads. Aetna seeks to avoid this problem, arguing that the phrase "farm type tractor" is meaningful because it distinguishes farm-type tractors from truck tractors of the type that haul semi-trailers on the highway. Aetna's distinction is invalid: Truck tractors are not vehicles principally designed for use off public roads.

Aetna argues that its exception to UM coverage excludes a dune buggy because of the definitions of "motor vehicle" found in sec. 632.32, Stats. Section 632.32 merely sets forth the minimum requirements for automobile and motor vehicle liability insurance policies in Wisconsin. It defines "motor vehicle" to mean "[a] self-propelled land motor vehicle designed for travel on public roads and subject to motor vehicle registration under ch. 341. It includes trailers and semitrailers designed for use with such vehicles. It does not include farm tractors, well drillers, road machinery or snowmobiles." Section 632.32(2)(a), Stats. Aetna's implicit argument is apparently that its policy was meant to mirror the minimum requirements of the law and that the statute does not require UM coverage for vehicles principally designed for off-road travel. We disagree with this contention. If Aetna intended to exclude all off-road vehicles, it should have said so unequivocally.

In line with its preceding argument, Aetna also cites *Frozine v. St. Paul Fire & Marine Ins. Co.,* 195 Wis. 494, 218 N.W. 845 (1928), and *Lewis v. INA,* 203 Wis. 324, 234 N.W. 499 (1931), for the proposition that the rule of

construing policies liberally in the insured's favor does not apply to a standard or statutory policy. *Frozine* states the explanation for this deviation from the general rule: "It has been ruled many times that policies of insurance are to be liberally construed in favor of the insured because the insurer has prepared the contract. This reason for such construction would seem to drop out in case of a contract prescribed in its details by statute, at least so far as the statute covered such details." *Id.* at 496, 218 N.W.2d at 846 (quoting *Rosenthal v. INA,* 158 Wis. 550, 553, 149 N.W. 155, 156 (1914)). These cases are inapplicable. The precise policy language we are concerned with here is not part of a statutory policy, that is, it is not required by law. Aetna's policy exclusions are not statutory merely because UM coverage is required by statute and must be approved by the commissioner of insurance. In fact, the supreme court has stated that an insurance policy may expand but not reduce the coverage required by the uninsured motorist statute. *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 604–05, 405 N.W.2d 327, 336 (1987). Therefore, it is the insurance policy and not the statute that determines coverage beyond the minimal statutory requirements.

Likewise, *Rice v. Gruetzmacher,* 27 Wis. 2d 46, 133 N.W.2d 401 (1965), cited by Aetna, is also inapposite. In that case, the issue was whether a forklift was a motor vehicle under the direct-action statutes. Here, however, the issue is how the term "uninsured motor vehicle" is defined under the terms of the insurance contract. Thus, we do not look to see how the term may be statutorily defined, rather we look to the insurance contract to determine if coverage has been expanded beyond what is statutorily required.

■ We recognize that there is split authority among other states on the meaning of the exclusionary language found in Aetna's policy.[4] However, it is instructive to note that the conflicting decisions among the various states influenced a change in language in the current standard form provided by the Insurance Services Office (ISO).[5] The change supports our interpretation that the disputed provision is ambiguous. The form now makes no reference to "farm type" vehicles and therefore removes the prospect of additional disputes. 1 A. Widiss, *supra* note 5, ch. 8, § 8.10 at 358.

---

[4]For cases holding that "farm type" modifies both "tractor" and "equipment," *see State Farm Mut. Auto. Ins. Co. v. Mrozek,* 29 Cal. App. 3d 113, 105 Cal. Rptr. 189 (1972); *Thompson v. Government Employees Ins. Co.,* 592 P.2d 1284 (Ariz. Ct. App. 1979); *Stepec v. Farmers Ins. Co.,* 222 N.W.2d 796 (Minn. 1974); and *Allstate Ins. Co. v. Almgreen,* 376 So. 2d 1184 (Fla. Dist. Ct. App. 1979), *overruled on other grounds, Carguillo v. State Farm Mut. Auto. Ins. Co.,* 529 So. 2d 276 (Fla. 1988). For cases holding to the contrary, *see Kansas Farm Bureau Ins. Co. v. Cool,* 471 P.2d 352 (Kan. 1970); *Lane v. Hartford Ins. Group,* 447 A.2d 818 (Maine 1982); *Stallcup v. Duncan,* 684 S.W.2d 643 (Tenn. Ct. App. 1984); and *Walcott v. Hawkeye-Security Ins. Co.,* 201 N.W.2d 817 (Neb. 1972).

[5]The ISO is a nonprofit trade organization offering rating and other services to insurance carriers. Nye, Gifford, Webb & Dewar, *The Causes of the Medical Malpractice Crisis: Analysis of Claims Data and Insurance Company Finances,* 76 Geo. L.J. 1495, 1511 n.44 (1988). In 1977, the ISO developed a standard form that was called the Personal Auto Policy for personal automobile insurance. This standard form is often referred to as the plain talk or simplified language automobile insurance policy and is being adopted by a growing number of insurance companies. 1 A. Widiss, Uninsured and Underinsured Motorist Insurance, ch. 3, § 3.1 at 51–52 (2d ed. 1990).

In conclusion, the dune buggy is an uninsured motor vehicle under the terms of the policy, and we affirm the trial court's decision.

*By the Court.*—Order affirmed.