Debra OAKS, Plaintiff-Appellant,†

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
Wisconsin Physicians Service Insurance Corp.,
Defendants-Respondents.

Court of Appeals

*No. 94–1874. Submitted on briefs April 6, 1995.—Decided
May 25, 1995.*

(Also reported in 535 N.W.2d 120.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Stephen J. Eisenberg* and *Pam M. Baumgartner* of *Eisenberg Law Offices, S.C.* of Madison.

For the defendant-respondent, American Family Mutual Insurance Company, the cause was submitted on the brief of *Scott J. Seymour* of Madison.

Before Gartzke, P.J., Dykman and Vergeront, JJ.

DYKMAN, J. Debra Oaks appeals from an order dismissing her complaint on summary judgment motion against American Family Mutual Insurance Company.[1] Oaks argues that the trial court erred when

---

[1] Defendant-Respondent Wisconsin Physicians Service Insurance Corp. (WPS) is a health insurance provider which has made payments for Debra Oaks's medical expenses and was joined in this case pursuant to § 803.03(2), STATS. WPS has not participated in this appeal.

45

it determined that American Family was not liable for her medical expenses resulting from injuries she sustained in an accident. We conclude that because the driver of the vehicle in which she was a passenger is not an insured by the terms of the policy's language, American Family is not liable. Accordingly, we affirm.

## BACKGROUND

Ray and Amy Jacobson had been storing their pickup truck on Robert Hicks's farm for several years. On the evening of September 25, 1992, while Robert and his wife were out, their fourteen-year-old son, Michael, had some friends, including Gary O. Tellefson, over for a visit. During the course of the evening, Tellefson asked Michael if he could use the Jacobson's truck. The parties are in dispute as to whether Michael agreed to this request, but Tellefson nonetheless obtained the truck keys, intending to drive it to a friend's home. During the trip, the truck ran off the road and struck a tree. Oaks, a passenger, was severely injured and incurred more than $50,000 in medical expenses. Tellefson admits that he was driving the truck when it crashed.

Tellefson's brother, Peter A. Saunders, owns a vehicle which is insured by American Family. Tellefson lives with Saunders. The policy insures relatives of the owner of the policy and therefore insures Tellefson. The policy does not insure persons using a vehicle without the permission of a person having lawful possession of that vehicle.

Oaks sued American Family arguing that Tellefson was an insured under Saunders's policy and therefore it was liable for her expenses resulting from the accident. American Family moved for summary judgment arguing that because Tellefson used the

truck without having first obtained permission from a person in lawful possession of it, Tellefson was not an insured. Oaks opposed the motion contending that Tellefson had permission to use the truck from Michael, a person who lawfully possessed the truck. The trial court disagreed with Oaks and dismissed the complaint. Oaks appeals.

## STANDARD OF REVIEW

An appeal from a grant of summary judgment raises an issue of law which we review *de novo* by applying the same standards employed by the trial court. *Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). We first examine the complaint to determine whether it states a claim, and then the answer to determine whether it presents a material issue of fact. *Id.* If they do, we then examine the moving party's affidavits and other supporting documents to determine whether a *prima facie* case has been established. *Id.* If it has, we then look to the opposing party's affidavits and other supporting documents to determine whether there are any material facts in dispute which would entitle the opposing party to a trial. *Id.* at 372-73, 514 N.W.2d at 49-50.

The interpretation of the language of an insurance contract is a question of law which we review *de novo*. *Katze v. Randolph & Scott Mut. Fire Ins. Co.*, 116 Wis. 2d 206, 212, 341 N.W.2d 689, 691 (1984). Our duty is to give the policy language its plain meaning and determine what a reasonable person in the position of the insured would have understood the words to mean. *Garriguenc v. Love*, 67 Wis. 2d 130, 134-35, 226 N.W.2d 414, 417 (1975). A construction which gives a reason-

47

able meaning and effect to each word or provision is preferred to one leaving part of the language useless or meaningless. *Stanhope v. Brown County*, 90 Wis. 2d 823, 848-49, 280 N.W.2d 711, 722 (1979). We may resort to a recognized dictionary in order to discern the plain meaning of the policy's language. *Holsum Foods Div. of Harvest States Coops. v. Home Ins. Co.*, 162 Wis. 2d 563, 569, 469 N.W.2d 918, 921 (Ct. App. 1991).

## INSURANCE COVERAGE

Oaks argues that the trial court erred when it determined on summary judgment that the American Family policy did not provide coverage for injuries she sustained in the accident because Tellefson was not an insured. According to Oaks, she has raised genuine issues of material fact as to whether Michael lawfully possessed the truck and whether Michael gave Tellefson permission to use it. She argues that summary judgment was therefore erroneously granted. We disagree.

In accordance with summary judgment methodology, we first examine the complaint to determine whether it states a cause of action. It does. Oaks's complaint sets forth a claim to declare American Family liable for damages she sustained in the accident because it alleges that American Family issued a policy to Tellefson's brother, Saunders, under which Tellefson is an insured. The complaint further alleges that as a result of Tellefson's negligent operation of the truck, Oaks was injured and incurred more than $50,000 in medical expenses.

We next turn to American Family's answer to determine if it presents material issues of fact. It does. American Family alleges that Tellefson operated the

truck without the permission of a person having lawful possession of it. Therefore, according to American Family, Tellefson is not an insured and it is not obligated to compensate Oaks for her medical expenses.

We next turn to the documents offered by American Family in support of its summary judgment motion to determine if it has established a *prima facie* case for summary judgment. It has if it establishes a valid defense by showing that Michael was not in lawful possession of the truck thereby precluding a finding that Tellefson is an insured.

Lawful possession is not defined in the policy. Thus, we resort to a dictionary to define the term. In WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1279 (1976), lawful is defined as "conformable to law : allowed or permitted by law : enforceable in a court of law : LEGITIMATE" and "constituted, authorized, or established by law : RIGHTFUL." Possession is defined as "the act or condition of having in or taking into one's control or holding at one's disposal" and "actual physical control or occupancy of property by one who holds for himself and not as a servant of another without regard to his ownership and who has legal rights to assert interests in the property against all others having no better right than himself." *Id.* at 1770.

We conclude that the term "lawful possession" is not ambiguous and is susceptible to one reasonable construction in the context of this policy: a person who has lawful possession of a vehicle is a person who has a right to use the vehicle. To obtain that right, the individual must be either: (1) a person with legal title to the vehicle; (2) a person who has permission to use the vehicle from the titled owner; or (3) a person who has permission to use the vehicle from another person who has permission to use it from the titled owner. *See*

49

*Gross v. Joecks*, 72 Wis. 2d 583, 591-92, 241 N.W.2d 727, 731 (1976).

The documents offered by American Family in support of its summary judgment motion show that Michael is not a person in lawful possession of the vehicle. The evidence shows that only Robert and his wife had permission from the Jacobsons to use the truck. While the truck keys and the truck itself were accessible to Michael, neither Robert nor his wife gave Michael permission to drive the truck and Robert was not aware of Michael having driven it prior to the accident. Additionally, neither Robert nor his wife gave Tellefson permission to drive the truck. On one occasion, however, Robert's wife lent the truck to Michael's friend, Shane Feist.

American Family makes a *prima facie* case for summary judgment because its documents show that Michael was not in lawful possession of the truck because he did not have permission to use it from the Jacobsons or his parents. Therefore, Tellefson is not an insured. Whether Oaks will survive summary judgment turns on whether her supporting documents raise an issue of fact entitling her to a trial.

The deposition testimony upon which Oaks relies shows that although Michael had driven the truck on a prior occasion, his father was neither aware of this nor did he give Michael permission to use it. Tellefson claims that he saw Feist drive the truck and that he saw Michael backing up the truck. Feist claims that he drove the truck several times and he also saw Michael drive it. Both Feist and Tellefson indicate that they knew that Michael's parents would be angry if Michael lent the truck to them.

■ This evidence does not raise an issue of material fact as to whether Michael was in lawful possession of the truck.. For Michael to have had lawful possession of the truck, he had to have had permission to use it from the Jacobsons or his parents. Permission cannot be presumed from the knowledge that a person has a driver's license or from the fact that a person has not been forbidden to drive. *Dahlke v. Roeder*, 14 Wis. 2d 582, 587, 111 N.W.2d 487, 490 (1961). "Implied consent to use one's car must proceed from and be manifested by some acts, words, or conduct of the permitter." *Id.* A finding of permission requires proof of some awareness on the owner's part. *Derusha v. Iowa Nat'l Mut. Ins. Co.*, 49 Wis. 2d 220, 226, 181 N.W.2d 481, 484 (1970). The burden of proof rests with the party seeking to establish coverage. *Id.* at 222, 181 N.W.2d at 482.

Oaks has failed to present any evidence showing that either the Jacobsons or Michael's parents gave Michael permission to use the truck thereby making him a lawful possessor of it. The fact that Tellefson and Feist might have seen Michael drive the truck does not mean Michael lawfully possessed the truck. Tellefson's and Feist's beliefs as to this issue are immaterial.

■ Oaks also argues that because Michael lived at the home where the truck was stored, he was in lawful possession of it. She urges us to adopt a construction whereby lawful possession means actual possession. This construction, however, ignores the word "lawful" in the policy's definition of an insured. It would include a thief. We will not accept a construction that does not give meaning to every word of a policy's provision. *Stanhope*, 90 Wis. 2d at 848-49, 280 N.W.2d at 722. Additionally, just because a word has more than one

dictionary meaning, or the parties do not agree on the meaning, does not necessarily make the word ambiguous when we conclude that only one meaning is relevant in the context of the policy's language. *Sprangers v. Greatway Ins. Co.*, 182 Wis. 2d 521, 537, 514 N.W.2d 1, 7 (1994). We will not impute an ambiguity where none exists. *Id.*

Oaks has failed to present any evidence showing that Michael was in lawful possession of the truck. Thus, under the policy, Tellefson is not an insured. Accordingly, we conclude the trial court correctly granted American Family's motion for summary judgment dismissing Oaks's complaint.

*By the Court.*—Order affirmed.