Melissa FRANK, Plaintiff-Respondent,†

v.

WISCONSIN MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Court of Appeals

*No. 95–1390. Submitted on briefs November 27, 1995.—Decided December 12, 1995.*

(Also reported in 543 N.W.2d 535.)

†Petition to review denied.

690

For the defendant-appellant the cause was submitted on the briefs of *Randall Skiles* of *Stern, Skiles & Ward, S.C.* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Charles B. Harris* of *Doar, Drill & Skow, S.C.* of Baldwin.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Wisconsin Mutual Insurance Company appeals a judgment holding that a snowmobile is an uninsured motor vehicle as defined in Wisconsin Mutual's insurance policy. Wisconsin Mutual contends that the definition of an uninsured motor vehicle in the policy excludes snowmobiles because they are vehicles designed principally for off-road use and are vehicles operated on rails or crawler treads. Because we conclude that a snowmobile is excluded from the definition of uninsured motor vehicle in the policy because it is a vehicle that operates on crawler treads, the judgment is reversed.

Melissa Frank was injured in an accident involving a snowmobile. After learning that the snowmobile was uninsured, Frank sought damages under the uninsured motorist provision of her policy with Wisconsin Mutual. Wisconsin Mutual denied coverage on the grounds that the injury did not arise out of a motor vehicle accident. Wisconsin Mutual's policy defined an uninsured motor vehicle as follows:

> (2)   "Motor Vehicle" means a land motor vehicle or a trailer, but does not mean a vehicle:
>
> (a)   operated on rails or crawler treads. (b) which is a farm type tractor or equipment designed for use principally off public roads, while not on public roads.

The trial court granted summary judgment to Frank concluding that the snowmobile was included as a motor vehicle under the terms of the policy. The parties stipulated to damages, and the trial court entered judgment accordingly.

We review a grant of summary judgment de novo, applying the same standards employed by the trial

court. *Oaks v. American Family Ins. Co.*, 195 Wis. 2d 42, 47, 535 N.W.2d 120, 122 (Ct. App. 1995). Summary judgment is appropriate where the facts as to a particular issue are undisputed and only a question of law remains. *Krause v. Massachusetts Bay Ins. Co.*, 161 Wis. 2d 711, 714, 468 N.W.2d 755, 756 (Ct. App. 1991).

■■■■

The issue is whether a snowmobile is an uninsured motor vehicle under the terms of Wisconsin Mutual's policy. The interpretation of the language of an insurance policy presents a question of law that we determine without deference to the trial court. *Oaks*, 195 Wis. 2d at 47, 535 N.W.2d at 122. We give words used in the policy their plain and ordinary meaning. *Id.* at 48, 535 N.W.2d at 122. When the terms are plain and unambiguous, we will construe the contract as it stands. *Holsum Foods v. Home Ins. Co.* 162 Wis. 2d 563, 569, 469 N.W.2d 918, 920 (Ct. App. 1991). Where a policy is ambiguous, however, the language will be construed in favor of coverage. *Just v. Land Reclamation Ltd.*, 155 Wis. 2d 737, 746, 456 N.W.2d 570, 573 (1990).

Wisconsin Mutual first argues that a snowmobile is excluded from coverage under subpara. (b), which excludes "a farm-type tractor or equipment designed for use principally off public roads, while not on public roads." Wisconsin Mutual acknowledges that the interpretation of this language is controlled by *Fletcher v. Aetna Cas. & Surety*, 165 Wis. 2d 350, 477 N.W.2d 90 (Ct. App. 1991). In *Fletcher*, we held that "farm type" modified both "tractor" and "equipment," and therefore a dune buggy was not excluded from uninsured motorist coverage under practically identical language. *Id.* at 354-55, 477 N.W.2d at 91.

■

Wisconsin Mutual contends, however, that *Fletcher* was wrongly decided and that we should interpret the language to have the word "farm" modify only the word "tractor" and not the words "equipment designed principally for off-public roads." We decline Wisconsin Mutual's invitation. Not only are we confident that *Fletcher* was correctly decided, we are bound by our own precedent. *Skrupky v. Elbert*, 189 Wis. 2d 31, 56, 526 N.W.2d 264, 274 (Ct. App. 1994). Moreover, *Fletcher* has been in existence for some four years providing Wisconsin Mutual ample opportunity to clarify the ambiguity in its definition if it desired to do so. We therefore conclude that snowmobiles are not excluded from coverage under subpara. (b).

■

Next, Wisconsin Mutual contends that a snowmobile is excluded from coverage because it is operated on rails or crawler treads under subpara. (a). In attempting to determine whether a snowmobile is excluded by this definition, we apply the plain and ordinary meaning attached to words. *See Oaks*, 195 Wis. 2d at 48, 535 N.W.2d at 122. When determining the plain and ordinary meaning of words, we may look to definitions in a recognized dictionary. *Id.* The AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (3d ed. 1992), defines a snowmobile as "a small vehicle with ski-like runners in front and tank-like treads used for driving in or traveling on snow." In WEBSTER'S NEW WORLD DICTIONARY (3d College ed. 1988), a snowmobile is defined as: "any of various motor vehicles for traveling over snow, usually with steerable runners at the front and tractor treads at the rear."

The connotation reflected by these definitions appears to conform to subpara. (a) of the definition that excludes vehicles operated on crawler treads. The tank-like treads contained in the definition by the AMERICAN HERITAGE DICTIONARY and the tractor treads referred to by WEBSTER'S seem exactly the type of tread that is excluded in the definition of subpara. (a). The record contains no indication to the contrary.

We find further support for our conclusion that a snowmobile is a vehicle operated on crawler treads by examining conclusions reached by other jurisdictions interpreting the same or similar language. In *Detroit Auto. Inter-Ins. Exch. v. Spafford*, 255 N.W.2d 780, 782 (Mich. App. 1977), the Michigan court dealt with a provision in an insurance policy that excluded from uninsured motorist coverage "a land motor vehicle ... operated on ... crawler treads ...." The Michigan court concluded that a snowmobile is a land motor vehicle operated on crawler treads. *Id.*

Massachusetts reached a similar conclusion when it noted "[a]s snowmobiles operate on crawler treads and are 'designed for use principally off public roads,' [the trial judge] determined, correctly, that the language of the policy excluded coverage for snowmobile accidents." *Arbella Mut. Ins. Co. v. Vynorious*, 607 N.E.2d 431, 432 (Mass. App. 1993). In *Stepec v. Farmers Ins. Co.*, 222 N.W.2d 796, 797 (Minn. 1974), the policy language under consideration was: "a land motor vehicle or trailer operated on rails or crawler treads." The Minnesota court concluded that the policy language excluded snowmobiles. Although the additional argument was advanced in that case that the exclusion did not apply because the snowmobile was operated on a public road, the case is persuasive authority that a

snowmobile is a vehicle operated on crawler treads. The parties have not cited any case concluding that comparable language did not encompass snowmobiles.

■

Frank argues that the word "crawler," which is defined as "one which creeps" and modifies the word "treads," means only slow moving vehicles that operate on treads would be excluded by the definition. Perhaps in isolation "crawler" would limit the definition to slow moving vehicles. However, within the context of the policy's definition, "crawler" appears to be an adjective describing the type of tread excluding the vehicle from coverage. Similarly, the dictionaries attempt to clarify the type of tread by defining it as "tractor treads" or "tank-like treads." Therefore, we conclude that crawler describes the type of tread and the policy definition is not limited to slow moving vehicles.

■

Frank also suggests that the existence of skis in the front of the snowmobile exclude it from the policy definition. The fact that snowmobiles are equipped with skis to assist in the steering and maneuvering of the vehicle does not bring it within the definition of an uninsured vehicle. The fact that the snowmobile is propelled by a tread-like device is sufficient to meet the policy exception contained in subpara. (a). The fact that the vehicle also has skis does not change the fact that it is operated on treads.

■

Frank further contends that, in an engineering sense, a snowmobile operates on a track and not on treads. We need not apply a technical definition to the term because the language in the policy is interpreted as it would be understood by a reasonable person in the position of the insured. *See Sprangers v. Greatway Ins.*

697

*Co.*, 175 Wis. 2d 60, 67-68, 498 N.W.2d 858, 862 (Ct. App. 1993). The fact that a snowmobile may not in some technical sense operate on crawler treads does not affect the commonly understood use of the terms in the policy that encompass snowmobiles. *See id.*

Finally, Frank argues that because Wisconsin Mutual did not use the statutory definition of motor vehicle, the policy should be interpreted expansively, thereby granting coverage to snowmobiles. Frank points out that under the statutory definition of motor vehicle, snowmobiles are specifically excluded. *See* § 632.32(2)(a), STATS. She argues that because the policy did not use the statutory definition and did not specifically exclude snowmobiles, the policy should be read to include snowmobiles. This argument may be relevant if the language of the policy was ambiguous. However, where the language is clear, unambiguous and well understood by the average person, we cannot resort to interpretations that alter the clear intent of the language. *See Holsum Foods*, 162 Wis. 2d at 569, 469 N.W.2d at 920. The fact that the statutory definition was not adopted by Wisconsin Mutual in preparation of its policy does not alter the clear and unambiguous language reflected by the policy.

We therefore conclude that a snowmobile is excluded from uninsured motorist coverage under Wisconsin Mutual's policy because it is a motor vehicle operated on crawler treads. Accordingly, we reverse the judgment.

*By the Court.*—Judgment reversed.