Bruce MOOREN, Plaintiff-Respondent,

v.

ECONOMY FIRE & CASUALTY CO. and Employers Health
Insurance Co. Defendants-Respondents,

PEKIN INSURANCE CO., Defendant,

FOREMOST INSURANCE CO., Defendant-Appellant.

Lisa HENNINGFELD, Plaintiff,

Donna SHALALA, Secretary of Department of Health
and Human Services, Involuntary-Plaintiff,

v.

Bruce A. MOOREN and Economy Fire & Casualty Co.,
Defendants-Respondents,

PEKIN INSURANCE CO., Defendant,

FOREMOST INSURANCE CO., Defendant-Appellant.†

Court of Appeals

*No. 98–3596. Submitted on briefs August 30 , 1999.—Decided
September 28, 1999.*

(Also reported in 601 N.W.2d 853.)

†Petition to review denied.

624

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James C. Ratzel* of *Ratzel & Mathie, LLC,* of Brookfield.

On behalf of the plaintiff-respondent the cause was submitted on the brief of *Ralph J. Tease, Jr.,* of *Habush, Habush, Davis & Rottier, S.C.* of Green Bay.

On behalf of the defendant-respondent, Employers Health Insurance Co., the cause was submitted on the brief of *George Burnett* of *Liebmann, Conway, Olejniczak & Jerry, S.C.,* of Green Bay.

On behalf of the defendant-respondent, Economy Fire & Casualty Company, the cause was submitted on the brief of *David G. Dudas* of *McCanna, Konz, Dudas, Kewley & Papendorf, S.C.*, of Appleton.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

PETERSON, J.  Foremost Insurance Company appeals an order denying its motion for summary judgment.[1] Foremost claims that its insurance policy excludes coverage for snowmobiles as "recreational land motor vehicles." We conclude that snowmobiles are not recreational land motor vehicles within the meaning of the policy exclusion. We affirm the order.

## FACTS

Foremost issued a mobile home policy to Dale Henningfeld. Henningfeld was later killed, and Bruce Mooren was injured when the snowmobiles they were operating collided. This lawsuit arises out of the collision.

Foremost brought a motion for summary judgment claiming that its policy did not provide coverage for this accident because of an exclusion for recreational land motor vehicles. The trial court denied the motion, concluding that the phrase "recreational land motor vehicle" is clear and unambiguous. It held that a reasonable person would "conclude that the term motor vehicle means something akin to an automobile, bus or truck."

---

[1] We granted Foremost's petition for interlocutory review on January 20, 1999.

## STANDARD OF REVIEW

■

We interpret an insurance policy's terms under a de novo standard of review, without deference to the decision of the circuit court. *See Kaun v. Industrial Fire & Cas. Ins. Co.*, 148 Wis. 2d 662, 667, 436 N.W.2d 321, 323 (1989).

## ANALYSIS

■

Language in an insurance policy should be given its common, everyday meaning. *Paape v. Northern Assur. Co.*, 142 Wis. 2d 45, 51, 416 N.W.2d 665, 668 (Ct. App. 1987). When a policy's terms are clear and unambiguous on their face, the policy must not be rewritten by construction. *Smith v. Atlantic Mut. Ins. Co.*, 155 Wis. 2d 808, 811, 456 N.W.2d 597, 598–99 (1990). Words or phrases in a policy are ambiguous when they are reasonably susceptible to more than one construction. *Maas by Grant v. Ziegler*, 172 Wis. 2d 70, 79, 492 N.W.2d 621, 624 (1992).

The insurance policy exclusion states:

**SECTION II—PERSONAL LIABILITY COVERAGE AND MEDICAL PAYMENTS TO OTHERS COVERAGE DOES NOT PAY FOR BODILY INJURY OR PROPERTY DAMAGE**

. . . .

Arising out of the ownership, maintenance, use, loading or unloading of:

. . . .

A recreational land motor vehicle, other than a golf cart owned by you.

The first question is whether the phrase "recreational land motor vehicle" is unambiguous. The trial court concluded it was. All of the parties argue it is. Nevertheless, the parties reach different conclusions as to its meaning. Foremost reasons as follows: a snowmobile is a vehicle; it is operated by a motor; it runs on land and is used for recreation. Foremost claims the phrase could only apply to a couple types of vehicles such as an all terrain vehicle or a snowmobile. According to Foremost, the purchaser of a mobile home insurance policy like this would not expect sweeping coverage for all vehicles.

The other parties, citing the trial court decision, assert that the phrase "motor vehicle" is a compound word meaning an automobile-type vehicle with wheels, not a vehicle on tracks or sleds. They also assert that the phrase "recreational land motor vehicle" is not as limited in its application as Foremost claims and would encompass such things as dune buggies, go carts and motor homes.

Both arguments are logical and present a classic example of a phrase that is reasonably susceptible to more than one construction. Therefore, we conclude that the phrase is ambiguous and must be interpreted.

When interpreting ambiguous language in an insurance contract, we must give terms the "common and ordinary meaning which they have in the minds of the average lay[person]." *Kremers-Urban Co. v. American Employers Ins. Co.*, 119 Wis. 2d 722, 741, 351 N.W.2d 156, 166 (1984) (quotation omitted). "The language of an insurance policy should be interpreted to mean what a reasonable person in the position of the insured would have understood the words to mean."

*See Weimer v. Country Mut. Ins. Co.*, 216 Wis. 2d 705, 722, 575 N.W.2d 466, 473 (1998) (quoting *Kuhn v. Allstate Ins. Co.*, 193 Wis. 2d 50, 60, 532 N.W.2d 124, 128 (1995)).

■ We may find guidance in construing an insurance policy term by looking to its definition in a recognized dictionary. *See id.* at 722–23, 575 N.W.2d at 473. This was the approach used by the trial court. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1476 (1993), defines "motor vehicle" as: "an automotive vehicle not operated on rails; *esp*: one with rubber tires for use on highways . . . ." This would suggest that a snowmobile is not a motor vehicle.

*Frank v. Wisconsin Mut. Ins. Co.*, 198 Wis. 2d 689, 693, 543 N.W.2d 535, 536 (Ct. App. 1995), is also instructive. There, we interpreted a policy that provided:

> (2)    Motor vehicle means a land motor vehicle or a trailer, but does not mean a vehicle:
>
> (a)    Operated on rails or crawler treads.

*Id.* We concluded that a snowmobile was excluded from the definition of an uninsured motor vehicle because a snowmobile operates on crawler treads. *See id.*[2] This

---

[2] We also stated in conclusion that "a snowmobile is excluded from uninsured motorist coverage under [the insurance company's] policy because it is a *motor vehicle* operated on crawler treads." *Frank v. Wisconsin Mut. Ins. Co.*, 198 Wis. 2d 689, 698, 543 N.W.2d 535, 538 (Ct. App. 1995) (emphasis added). Foremost relies on the italicized portion of this cited language as supporting its argument that a snowmobile is a "motor vehicle." We used the phrase to tie our conclusion to the policy language in that case. We were not answering the universal question of the meaning of a motor vehicle.

illustrates how Foremost could have drafted its exclusion language to eliminate ambiguity. Had Foremost wanted its policy to exclude coverage for snowmobiles, it could have expressly identified snowmobiles or vehicles operated on crawler treads in a definition of the phrase "recreational land motor vehicle."

The statutory definition of the term "motor vehicle" also offers guidance. Subchapter IV of ch. 632, STATS., governs automobile and motor vehicle insurance contracts. Section 632.32(2)(a), STATS., states:

> "Motor vehicle" means a self-propelled land motor vehicle designed for travel on public roads and subject to motor vehicle registration under ch. 341. It includes trailers and semitrailers designed for use with such vehicles. It *does not include . . . snowmobiles*. (Emphasis added.)

Admittedly, Foremost's mobile home policy is not governed by this statute, but the statute does suggest a commonly understood definition of the term "motor vehicle."

Exclusions in an insurance policy should be drafted to notify a reasonable insured that coverage is limited. *See Link v. General Cas. Co.*, 185 Wis. 2d 394, 399, 518 N.W.2d 261, 263 (Ct. App. 1994). We agree with the argument that a reasonable insured would normally expect that a mobile home owner's policy would provide coverage for the use of a snowmobile that is not owned by the insured. Foremost does not suggest that there is any separate insurance that the insured could have purchased to provide coverage for use of a non-owned snowmobile. *See Patrick v. Head of the Lakes Coop. Elec. Ass'n*, 98 Wis. 2d 66, 69, 295 N.W.2d 205, 207 (Ct. App. 1980).

Finally, exclusions are to be narrowly construed against the insurer and in favor of coverage especially if they are uncertain as to effect. *See Cardinal v. Leader Nat'l Ins. Co.*, 166 Wis. 2d 375, 382, 480 N.W.2d 1, 3 (1992). Any ambiguity in exclusionary clauses or exceptions is to be strictly construed against the insurer, and reasonable doubts about uncertain language should be resolved against the insurer. *See Patrick*, 98 Wis. 2d at 69, 295 N.W.2d at 207. Thus, the exclusion for recreational land motor vehicles must be strictly construed against Foremost, and reasonable doubts about the phrase should be resolved against the insurer.

We therefore conclude that the phrase "recreational land motor vehicle" in this policy does not apply to a snowmobile. As a result, a snowmobile is not excluded from coverage under Foremost's policy.

*By the Court.*—Order affirmed.