697 A.2d 230

JOSEPH PETTINATO AND J.G. SALES & SERVICE D/B/A J.B. LANDSCAPING, INC., PLAINTIFFS, v. CIGNA PROPERTY & CASUALTY COMPANIES, DEFENDANTS.

Superior Court of New Jersey
Law Division Monmouth County

Decided March 21, 1997.

*Michael Pappa,* for plaintiff Pettinato (*Rudnick, Addonizio, Pappa & Comer*).

*Eric Landman* for defendant CIGNA (*Law Offices of K. Ruth Larsen*).

*Andrew Indeck* for defendant Hartford Fire Insurance Co. (*Purcell, Ries, Shannon, Mulcahy & O'Neill*).

LEHRER, J.S.C.

### STATEMENT OF FACTS

This consolidated matter is comprised of three separate actions. In the underlying action, plaintiff Dr. Joseph DeCarlo ("DeCarlo") instituted suit against Joseph Pettinato ("Pettinato") and J.B. Sales and Services d/b/a J.B. Landscaping, Inc. ("J.B. Sales and Services") alleging that on June 12, 1992, while Dr. DeCarlo was a

customer at J.B. Sales and Services, Mr. Pettinato intentionally and/or negligently committed an assault and battery upon him causing personal injuries. Mr. Pettinato is the owner of J.B. Sales and Services which, among other things, is engaged in the business of renting equipment.

On June 11, 1992, Dr. DeCarlo rented a belt sander and disc sander from J.B. Sales and Services. On June 12, 1992, Dr. DeCarlo went to J.B. Sales and Services to return the sanders and pay for their rental. After Dr. DeCarlo arrived at J.B. Sales and Services, he parked his truck, left the two sanders in the back and entered the business. At the time Dr. DeCarlo entered the business, Mr. Pettinato was tending the cash register. When Dr. DeCarlo approached Mr. Pettinato to pay for the use of the two sanders, Dr. DeCarlo claimed that he did not use the belt sander and requested that he not be charged for its use.

The facts surrounding the conversation between Dr. DeCarlo and Mr. Pettinato are in dispute; however, there is no question that the conversation escalated into an argument. After the argument, Dr. DeCarlo exited J.B. Sales and Services without paying for the use of the equipment. He went to his truck in the parking lot, unloaded the sanders and began to leave. As Dr. DeCarlo began to drive off, Mr. Pettinato believed that Dr. DeCarlo had not returned the rented equipment. In order to prevent Dr. DeCarlo from leaving, Mr. Pettinato ran out of the building after Dr. DeCarlo and stopped Dr. DeCarlo's truck. An altercation occurred, the police were called and Mr. Pettinato went to the police station and filed a complaint against Dr. DeCarlo for simple assault.

On June 9, 1994, Dr. DeCarlo filed a two count civil complaint against both Mr. Pettinato and J.B. Sales and Services. In the first count, Dr. DeCarlo alleges that Mr. Pettinato committed an intentional assault and battery upon him and in count two Dr. DeCarlo alleges that Mr. Pettinato negligently assaulted him.

On the date of the incident, Mr. Pettinato was covered by a homeowners insurance policy issued by Cigna Property and Casu-

alty Company ("Cigna"). Also, on that date, J.B. Sales and Services was covered by an insurance policy issued by Hartford Fire Insurance Company ("Hartford"). After Dr. DeCarlo commenced his suit against Mr. Pettinato and J.B. Sales and Services, both requested their respective insurance companies to defend the suit and provide coverage. Both Cigna and Hartford disclaimed coverage under different exclusions contained in their policies and refused to provide a defense. As a result, Mr. Pettinato and J.B. Sales and Services instituted two separate declaratory judgment actions seeking coverage on each policy.

Cigna moves for summary judgment seeking to dismiss the declaratory judgment action filed against it, arguing the conduct giving rise to the lawsuit filed by Dr. DeCarlo arose out of Mr. Pettinato's business activities which are not covered due to the "business pursuits" exclusion contained in the policy.

The purchaser of an insurance policy is entitled to the broadest scope of protection necessary to fulfill the reasonable expectations of coverage provided by the policy. *Sparks v. St. Paul Ins. Co.,* 100 *N.J.* 325, 337, 495 *A.*2d 406 (1985). In determining whether an insurer has a duty to defend its insured, a court must compare the allegations in the complaint as well as information gathered through discovery with the language of the policy. If the conduct alleged is covered by the policy, then the insurer has a duty to defend the insured regardless of the claim's actual merit. If the insurance policy is ambiguous or the complaint or discovered facts leave doubt, that doubt must be resolved in favor of the insured and in favor of coverage. When multiple alternative causes of action are alleged in the complaint, the insurer's duty will continue until every potential claim is eliminated. *Voorhees v. Preferred Mut. Ins. Co.,* 128 *N.J.* 165, 173–174, 607 *A.*2d 1255 (1992); *SL Industries v. American Motorists,* 128 *N.J.* 188, 199, 607 *A.*2d 1266 (1992). If an insurer claims that the conduct in question falls within an exclusion contained in the policy, then it is the insurer who bears the burden of proving that

issue. *Sinopoli v. North River Ins. Co.*, 244 *N.J.Super.* 245, 251, 581 *A.*2d 1368 (App.Div.1990).

Dr. DeCarlo's complaint alleges he suffered personal injury as a result of both intentional and negligent conduct on the part of Mr. Pettinato. Under the express terms of Cigna's homeowners insurance policy, Cigna is obligated to:

> Defend any claim or suit for damages because of covered bodily injury ... brought against [Pettinato] ... even if the allegations are groundless, false or fraudulent [as well as] pay all expenses and court costs incurred in defending the suit or claim.

The policy also requires Cigna to pay up to the policy limits if Mr. Pettinato is found liable for an occurrence which causes bodily injury.

Cigna's policy excludes coverage for "Intentional Loss" and "Business Pursuits". The "Intentional Loss" exclusion provides:

> Cigna will not protect any person from claims for bodily injury ... if that person expected or intended the injury or damage.

Under the "Business Pursuits" exclusion, Cigna:

> will not protect any person from claims for bodily injury ... arising out of that person's business activities. [Cigna does] not intend to exclude: claims resulting from activities which are not usually considered to be part of a business pursuit.

The policy **defines "Business" to mean "any trade, profession or occupation".**

The clear and unambiguous wording of the Cigna policy indicates coverage will not extend to claims for injury arising out of Mr. Pettinato's business activities unless the claim results from activities which are not usually considered to be part of his business pursuit. Neither "business pursuit" nor "business activity" is defined in the policy. New Jersey law has generally considered business activities as those activities that are continuous or regular in nature and are engaged in by the insured for the purpose of earning a profit, compensation or a means of livelihood or a means of earning a living. *See Carroll v. Boyce*, 272 *N.J.Super.* 384, 386, 640 *A.*2d 298 (App.Div.1994); *See also "Business Pursuits" Exclusion*, 35 *ALR* 5th 375 (1996).

■ The exception to the "business pursuits" exclusion, "activities which are not usually considered to be part of a business pursuit" has not been subject to New Jersey court interpretation. However, similar phrases such as "activities which are ordinarily incident to non-business pursuits" have been. In construing that phrase, the courts have generally held that if the injury causing act can be characterized as non-business, then the exception to the business pursuits exclusion is applicable even though the act was casually related to and occurred in the course of the insured's business pursuits. *NJ Property Liab. Guar. Ass'n. v. Brown*, 174 *N.J.Super.* 629, 632, 417 *A.2d* 117 (App.Div.1980), *cert. denied*, 85 *N.J.* 462, 427 *A.2d* 561 (1981). In *NJ Property Liab. Guar. Ass'n*, the court stated:

> ... coverage will be extended to liability which arises, even though connected in some casual manner with the insured's 'business purposes', out of an act or omission that is ordinarily not associated with or related to the insured's business pursuits. In other words, to give any meaning at all to the excepting clause, the policy must be read to extend coverage to certain acts or omissions which are not, by their nature, tainted by being associated with an insured's business pursuits, but which, nevertheless, with respect to the insured's potential liability arising therefrom, may have been casually related to such business pursuits.
>
> [*NJ Property Liab. Guar. Ass'n*, *supra*, at 633, 417 *A.2d* 117 (quoting *Gulf Ins. Company v. Tilley*, 280 *F.Supp.* 60, 64–65 (N.D.Ind.1967), *aff'd*, 393 *F.2d* 119 (7th Cir.1968)).]

*See also, Burdge v. Excelsior Ins. Co.*, 194 *N.J.Super.* 320, 325–326, 476 *A.2d* 880 (App.Div.1984). The wording of the two phrases is merely a distinction without a difference and both should be given the same meaning and effect.

Other jurisdictions are in accord with holding that the exception to the business pursuits exclusion is applicable to grant coverage. In *Rodriguez v. Safeco Ins. Co.*, 821 *P.2d* 849 (Colo.App.1991), the Colorado court adopted a two part "particular activities" test. First, the court must analyze the facts to determine whether the injury arose within the context of the insured's business pursuit, and second, the court must scrutinize the particular activity causing injury to determine whether that activity was ordinarily incident to a non-business pursuit. *See also Curbee, Ltd. v.*

*Rhubart,* 406 *Pa.Super.* 505, 594 *A.2d* 733, *appeal denied,* 529 *Pa.* 649, 602 *A.2d* 859 (1992); *North Carolina Farm Bureau Mut. v. Stox,* 330 *N.C.* 697, 412 *S.E.*2d 318 (1992); *United States Fire Ins. Co. v. Reynolds,* 11 *Ark.App.* 141, 667 *S.W.*2d 664 (1984); *Farmers Ins. Exchange v. Sipple,* 255 *N.W.*2d 373 (Minn.1977).

■ Mr. Pettinato is in the business of equipment rentals. Clearly, the incident at hand arose from business activities associated with that business pursuit. When the duties associated with that business pursuit are viewed in their broadest possible scope, they do not include physical altercations with customers. Simply put, physical altercations are **"activities which are not usually considered to be part of [Pettinato's] business pursuit."** *NJ Property Liab. Guar. Ass'n. v. Brown,* 174 *N.J.Super.* 629, 632, 417 *A.2d* 117 (App.Div.1980), *certif. denied,* 85 *N.J.* 462, 427 *A.2d* 561 (1981); *Burdge v. Excelsior Ins. Co.,* 194 *N.J.Super.* 320, 325–326, 476 *A.2d* 880 (App.Div.1984).

Accordingly, coverage cannot be denied. Considering the burden of persuasion at trial, the evidence submitted by the parties on this motion, and all legitimate inferences viewed most favorably to Cigna, there are no genuine issues of material fact. No rational fact finder could deny coverage under Cigna's policy. Therefore, the court denies Cigna's motion for summary judgment and grants summary judgment in favor of Joseph Pettinato against Cigna. *Brill v. Guardian Life Ins. Co. of America,* 142 *N.J.* 520, 666 *A.2d* 146 (1995); R. 4:46–2(c).