174 N.J. Super. 629 (1980)
NEW JERSEY PROPERTY LIABILITY GUARANTY ASSOC., AS SUCCESSOR TO INTERSTATE INSURANCE COMPANY, NOW SOLVENT, PLAINTIFF-RESPONDENT,
v.
RAYMOND BROWN AND LEONARD SHAW, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1980.
Reargued June 2, 1980.
Decided August 6, 1980.
*630 Before Judges SEIDMAN, MICHELS and FURMAN.
David L. Greene argued the cause for appellant Raymond Brown (Greene & Newell, attorneys; Paul E. Newell on the brief).
Jerome L. Rubinowitz argued the cause for appellant Leonard Shaw (Rosenthal & Rubinowitz, attorneys; Richard P. Blender on the brief).
Mauro C. Casci argued the cause for respondent (Methfessel & Werbel, attorneys; Lane M. Ferdinand on the brief).
The opinion of the court was delivered by SEIDMAN, P.J.A.D.
The question presented by this appeal is whether a homeowners insurance policy issued to defendant Leonard Shaw by plaintiff's predecessor, Interstate Insurance Company, covered an occurrence at Shaw's business office when a revolver which he was showing to defendant Raymond Brown was accidentally discharged, resulting in serious bodily injury to Brown. The *631 latter brought suit against Shaw, charging him with "negligently, carelessly, wrongfully and intentionally discharg[ing] a firearm causing the bullet to strike [Brown]." Thereafter, plaintiff instituted a declaratory judgment action against Brown and Shaw, seeking a determination that it was not obligated under the policy to defend or indemnify its insured. On motion and cross-motion for summary judgment, the trial judge concluded that the incident was not covered by the policy and entered judgment in favor of plaintiff, Brown and Shaw appealed.
Specifically at issue is the interpretation of an exclusion in the policy with respect to
... bodily injury or property damages arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits. [Emphasis supplied]
To the extent pertinent here, the facts are essentially undisputed. On the evening in question Brown called upon his friend Shaw, a bail bondsman, at the latter's office. The parties agree that the visit was social and unrelated to the business. According to Brown, Shaw received a telephone call from someone "stating that they were coming for their money." Later, in the course of their conversation, Shaw related to Brown how he had been assaulted in his office a few days earlier. He said that "[i]f somebody comes now, I got something for them." He displayed a .38-caliber revolver which he took from his desk drawer. In some manner, the gun was discharged and the bullet struck Brown.
Shaw's deposition discloses that he had purchased the gun for use in his business and would carry it when transporting large sums of money. He had kept another gun, an automatic pistol, in his office, but it was stolen prior to the shooting incident. After the assault Shaw brought the revolver to the office.
In granting the insurer's motion for summary judgment the trial judge stated the issue to be whether the incident had arisen out of a business pursuit. He reasoned:
There is no doubt in this particular case that the weapon was held for purposes of a business pursuit. Certainly there was a dual purpose; but this was a business pursuit. If we follow the logical extension of that it was unfortunate *632 the incident occurred as an accident and the weapon was being shown to someone else ... and I find that the incident occurred as the result of a business pursuit.
We do not agree with the trial judge's concept of the exclusionary clause in the policy.
It is to be noted preliminarily that the clause first removes from coverage claims for injury or damage arising out of business pursuits. But, as an exception, activities ordinarily incident to nonbusiness pursuits are included within the coverage of the policy. The modifying language of the exception clearly narrows the scope of the exclusion that precedes it. See Gulf Ins. Co. v. Tilley, 280 F. Supp. 60, 64 (N.D.Ind. 1967), aff'd 393 F.2d 119 (7 Cir.1968). Thus, the inquiry is not whether the insured was engaged in a business pursuit at the time of the accident, for the clause plainly has reference to accidents that occur in the carrying on of the business. See Neal v. Celina Mutual Ins. Co., 522 S.W.2d 179 (Ky. 1975). Rather, it is whether the particular activity at the time of the accident, i.e., the display of the weapon to a social visitor, was nevertheless one ordinarily incident to nonbusiness pursuits.
The parties have not cited to us any reported case in this jurisdiction directly in point. The problem has been dealt with elsewhere. See Annotation, "Construction and application of `business pursuits' exclusion provision in general liability policy," 48 A.L.R.3d 1096 (1973). However, the courts have often obscured rather than elucidated the distinction between an activity that is not itself a business pursuit of the insured within the meaning of the exclusion and one that, though arising out of a business pursuit, is not ordinarily associated with it.
Coverage under the exception cannot rest on a determination that the insured was not engaged in a business pursuit when the injury or damage occurred. See, e.g., Lane v. Hartford Fire Ins. Co., 343 F. Supp. 79 (E.D.Mo. 1972); Home Ins. Co. v. Aurigemma, 45 Misc.2d 875, 257 N.Y.S.2d 980 (Sup.Ct. 1965). In such cases there would be no need to invoke the exception, because the exclusion itself would not apply. In situations involving *633 coverage under the exception, it is assumed that the occurrence arose in some manner out of the business pursuit. Thus, it is wrong to hold, as has been done, that coverage under a tortfeasor's homeowner's policy for an injury resulting from his prank or horseplay while at work comes within the exception because the activity was not associated with the employee's usual course of business and, therefore, he was not engaged in a business pursuit. See Jackson v. Lajaunie, 253 So.2d 540 (La. App. 1971), rev'd in part on other grounds, 270 So.2d 859 (La. 1972). An equally incorrect approach would be to limit the exception to activities not associated with the insured's business pursuits in any way, a position taken in North River Ins. Co. v. Poos, 553 S.W.2d 500 (Mo. App. 1977), and criticized in 7A Appleman, Insurance Law and Practice, § 4501.10 (1980 Pocket Part at 32, n. 8.15). See, also, Martinelli v. Security Ins. Co. of New Haven, 490 S.W.2d 427 (Mo. App. 1973) (reaching the same result as Poos), and Farmers Ins. Exchange v. Sipple, 255 N.W.2d 373 (Minn. 1977) (holding that an assault by the insured came within the exception because the act was not "peculiar" to the business activities of the insured).
We find a sensible and practical formulation of the applicable standard in Gulf Ins. Company v. Tilley, supra:
... The entire paragraph [the exclusionary clause], therefore, giving to its components their common and ordinary meaning ... may fairly be read as saying that, as a general proposition, there will be no liability coverage with respect to an insured's "business pursuits," but that, as an exception to this broad rule, coverage will be extended to liability which arises, even though connected in some causal manner with the insured's "business purposes," out of an act or omission that is ordinarily not associated with or related to the insured's business pursuits. In other words, to give any meaning at all to the excepting clause, the policy must be read to extend coverage to certain acts or omissions which are not, by their very nature, tainted by being associated with an insured's business pursuits, but which, nevertheless, with respect to the insured's potential liability arising therefrom, may have been causally related to such business pursuits. [280 F. Supp. at 64-65; citation omitted]
We have no hesitancy in accepting this standard and applying it to the instant case.
The particular activity which caused Brown's injury was Shaw's display of the revolver in the course of a purely social *634 visit which happened to take place in Shaw's business office. Showing a gun to a friend in such circumstances would not be an activity ordinarily incident to Shaw's function as a bail bondsman. The act was, therefore, clearly one within the exception to the exclusion. Any other holding would render the exception without meaning and ineffective.
Accordingly, we reverse the judgment entered in favor of plaintiff. Since there is no genuine issue as to any material fact, we remand the matter to the trial court for the entry of judgment in favor of defendants declaring that the policy of insurance in question provides coverage for the occurrence which is the subject matter of the pending negligence action between defendants, and that plaintiff is obligated to defend and indemnify defendant Shaw with respect thereto.
Reversed and remanded. Jurisdiction is not retained.