Julianne BARTEL, Plaintiff-Appellant,

v.

Leigh A. CAREY, Allstate Insurance Company, Robert L. Lovlien, Dairyland Insurance Company, State Farm Mutual Automobile Insurance Company, David Thompson, David Pluke, American Family Mutual Insurance Company, Collette Schulte, Western Indemnity Company and Waupaca County, Defendants,

HOME MUTUAL INSURANCE COMPANY OF APPLETON, Defendant-Respondent. †

---

† Petition to review denied.

Court of Appeals

*No. 84–1267. Submitted on briefs September 18, 1985.—Decided November 7, 1985.*

(Also reported in 379 N.W.2d 864.)

For the plaintiff-appellant the cause was submitted on the briefs of *Lynn R. Laufenberg* and *Rebecca Leair* and *Frisch, Dudek & Slattery, Ltd.,* of Milwaukee.

For the defendant-respondent the cause was submitted on the brief of *Scott M. Huiras* and *Byrne, Bobolz & Weber* of Appleton.

Before Gartzke, P.J., Dykman, J. and Eich, J.

DYKMAN, J. Julianne Bartel appeals from a summary judgment dismissing her complaint against Home Mutual Insurance Company of Appleton. The issues on appeal are: (1) whether the "business pursuits" exclusion of Home Mutual's homeowners policy applies to an insured's acts of using and maintaining a van and trailer to transport band equipment and band members between musical engagements; and (2) if such conduct is a "business pursuit," whether the insured's acts were "business activities ordinarily incident to non-business pursuits," an exception to the exclusion. Because we conclude that such activities are "business pursuits" and are not "ordinarily incident to non-business pursuits," we affirm.

## FACTS

Bartel's husband was killed when the car in which Mr. Bartel was a passenger was struck by an equipment trailer which had become detached from a van. The van and trailer were owned by "TEEZ," a "road band" which traveled from concert to concert. David Pluke, a member of the band and its manager, had attached a trailer to the van the morning of the accident in preparation for a trip to the band's next engagement. Pluke did not ride in the van, planning to follow later in his personal car.

At the time of the accident, Pluke owned a homeowners insurance policy issued by Home Mutual. The policy provided liability coverage subject to the following exclusion:

1. *Coverage E—Personal Liability and Coverage F—Medical Payments to Others* do not apply to *bodily injury or property damage*:

312

b. arising out of *business* pursuits of any *insured*. . . .

This exclusion does not apply to:

    1) activities which are ordinarily incident to non-*business* pursuits. [Emphasis in original.]

Bartel sued Pluke and Home Mutual. Home Mutual moved for summary judgment based upon its "business pursuits" exclusion. The trial court granted the motion, concluding that Pluke's activities with respect to the van, trailer and trailer hitch were business pursuits and were not excepted as activities "ordinarily incident to non-business pursuits." Bartel appeals.

Bartel argues: (1) that the use and maintenance of the van and trailer are not so related to the band's music business as to be excluded as business pursuits; (2) that, even if these activities are business pursuits, they are excepted from the exclusion as activities ordinarily incident to non-business pursuits; and (3) that, alternatively, the policy's non-business pursuits exception is ambiguous and therefore must be construed against Home Mutual.

## *STANDARD OF REVIEW*

When reviewing a summary judgment, we follow the same methodology as the trial court. That methodology is explained in many cases, such as *In re Cherokee Park Plat,* 113 Wis. 2d 112, 116, 334 N.W.2d 580, 582–83 (Ct. App. 1983). We need not repeat it here.

No factual dispute exists. At issue is the trial court's legal conclusion based upon its interpretation of the terms of the insurance contract. Unless a contract is ambiguous and requires reference to extrinsic facts, its construction is solely a question of law. *Reserve Life Ins. Co. v. La Follette,* 108 Wis. 2d 637, 645, 323 N.W.2d 173, 177 (Ct. App. 1982). We may decide questions of law de novo without deference to the trial court. *Ball v. District No. 4,*

*Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Bartel contends that the exclusion and its non-business pursuits exception are ambiguous and therefore must be construed against Home Mutual. She cites cases from a number of jurisdictions in which similar clauses have been found ambiguous, and notes the conflicting results among courts that have construed the exception.

A contract is ambiguous when its words and phrases are reasonably susceptible to more than one construction. *Katze v. Randolph & Scott Mut. Fire Ins.,* 116 Wis. 2d 206, 213, 341 N.W.2d 689, 692 (1984). We find no ambiguity here. The contract is not rendered ambiguous because courts in other states have reached different results in construing similar policy language,[1] and because the parties here disagree. *See National Amusement Co. v. Dept. of Revenue,* 41 Wis. 2d 261, 267, 163 N.W.2d 625, 628 (1969) (statute not ambiguous because opposing attorneys disagree as to statute's meaning). Therefore, we will construe the provisions of this insurance policy *de novo.*

### BUSINESS PURSUITS

While policy provisions tending to limit liability must be construed against the insurer, *Kozak v. US Fidelity & Guaranty Co.,* 120 Wis. 2d 462, 467, 355 N.W.2d 362, 364 (Ct. App. 1984), a policy may not be construed to bind the insurer to a risk which it did not contemplate and for

---

[1] We note that a substantial number of these cases construe an exception worded "except activities *therein* which are ordinarily incident to non-business pursuits." [Emphasis supplied.] e.g. *Davis v. Frederick's, Inc.,* 517 P.2d 1014 (Utah 1973); *LeBlanc v. Broussard,* 396 So.2d 535 (La. App. 1981); *New Jersey Prob. Liability Guar. Assoc. v. Brown,* 417 A.2d 117 (N.J. Super. 1980); and *Martinelli v. Security Insurance Co. of New Haven,* 490 S.W.2d 427 (Mo. App. 1972).

which it received no premium. *Lawver v. Boling,* 71 Wis.2d 408, 422, 238 N.W.2d 514, 521 (1976).

Bartel claims that, because insurance contracts should be construed broadly, the business pursuits exclusion should be interpreted narrowly. Thus, she contends, the provision should not exclude every activity which is somehow related to Pluke's business.

In *Bertler v. Employers Insurance of Wausau,* 86 Wis. 2d 13, 21–22, 271 N.W.2d 603, 607 (1978), the supreme court defined "business pursuits" as activities evincing: (1) continuity, and (2) a profit motive. Bartel concedes that when the band plays music, it is engaged in a business pursuit, but argues that hitching the equipment trailer to the band's van and traveling to the next engagement are too remote from the band's profit-making activities to arise out of business pursuits.[2]

"The words 'arising out of' . . . are ordinarily understood to mean originating from, growing out of, or flowing from. All that is necessary is some causal relationship between the injury and the event not covered." *Garriguenc v. Love,* 67 Wis. 2d 130, 137, 226 N.W.2d 414, 418 (1975).[3] Because TEEZ was a traveling band, Pluke was engaged in activities arising out of his business pursuits while loading vehicles, hitching the trailer and traveling to an-

---

[2] Bartel cites a number of cases for the proposition that travel, even if related to business, does not of itself amount to a business pursuit. *Allstate Insurance Company v. Zellars,* 452 S.W.2d 539 (Tex. Civ. App.), *modified and aff'd,* 462 S.W.2d 550 (Tex. 1970); *Taylor v. State Farm Mutual Automobile Ins. Co.,* 171 So.2d 816 (La. App. 1965); and *Pontico v. Roussel,* 380 So.2d 649 (La. App. 1980). We note, however, that each of these cases arises from claims under automobile insurance policies. None deal with travel as a requisite component of the insured's business. We find these cases inapposite.

[3] The slip opinion and the opinion as reproduced in 226 N.W.2d at 418 read: "All that is necessary is some *casual* relationship between the injury and the event not covered." [Emphasis supplied.] We conclude this variation in language is not significant to our analysis.

other engagement. We conclude that the business pursuits exclusion denies coverage for Bartel's claim.

## *NON-BUSINESS PURSUITS*

Bartel contends that, even if the exclusion applies, the mere act of hitching a trailer to a vehicle is so common to everyday life that it must be viewed as an "activity ordinarily incident to non-business pursuits." Thus, she argues, this typically non-business activity is excepted from the policy's exclusion, even though it occurred in the general context of Pluke's business.

Though no Wisconsin case has construed this exception, the problem has been dealt with elsewhere. However, courts have not reached uniform results; ruling in three general ways.[4] Some have held that the exception applies to those activities of the insured which are not associated or related in any way to the insured's business pursuits or profit motive. (e.g. pranks, coffee drinking, etc.) Others hold that an activity associated with the insured's business may nonetheless be excepted if it is an activity which is typically engaged in as part of personal life. Finally, a few cases have found the exception ambiguous and construed it against the insurer.

Bartel argues that the test is not whether the activity is unusual in a business setting, but whether it is unusual in a non-business setting, citing *Foster v. Allstate Ins. Co.,* 637 S.W.2d 655, 657 (Ky. App. 1981). She also maintains that we need not limit our construction of the term to Pluke's ordinary non-business pursuits and activities because the exclusion makes express reference to the *insured's* business pursuits, but makes no such limitation of the exception's non-business pursuits.

---

[4] Many of the cases defining this split are collected at Annot., 48 A.L.R.3d 1096 (1973).

316

We cannot reasonably read the exception so broadly. To do so would require insurers to provide liability coverage for many persons (e.g. self-employed cooks, gardeners, and janitors) under homeowners policies merely because these businesses involve activities common to non-business life. The supreme court has cited with approval a portion of Frazier, *The Business Pursuits Exclusion Revisited,* 1977 Ins. L.J. 88, 89, in which the author writes:

> "The comprehensive personal liability policy (and the several package policies that incorporate it) is designed to insure primarily within the personal sphere of the policyholder's life and to exclude coverage for hazards associated with regular income-producing activities . . . [which] involve different legal duties and a greater risk of injury or property damage to third parties than personal pursuits. Business activities can be insured by other types of policies. Their exclusion from personal liability policies avoids . . . specialized underwriting, prevents unnecessary coverage overlaps, and helps keep premiums low."

*Bertler,* 86 Wis.2d at 606, 271 N.W.2d at 606–07. We therefore cannot reasonably construe the exception to restore coverage to an excluded business pursuit merely because it involves an activity typically incident to personal rather than commercial life. We conclude that we must also examine the immediate context of the activity from which the claim arises.

In so doing, we adopt the narrower analysis of *New Jersey Prob. Liability Guar. Assoc. v. Brown,* 417 A.2d 117, 120 (N.J. Super. 1980), quoting *Gulf Insurance Company v. Tilley,* 280 F.Supp. 60, 64–65 (N.D. Ind. 1967), *aff 'd,* 393 F.2d 119 (7th Cir. 1968):

> "[A]s an exception to . . . [the business pursuits exclusion], coverage will be extended to liability which arises, even though connected in some causal manner

317

with the insured's 'business purposes,' out of an act or omission that is *ordinarily* not associated with or related to the *insured's* business pursuits. In other words, to give any meaning at all to the excepting clause, the policy must be read to extend coverage to certain acts or omissions which are not, by their very nature, tainted by being associated with an *insured's* business pursuits, but which, nevertheless, with respect to the insured's potential liability arising therefrom, may have been causally related to such business pursuits." [Emphasis supplied.][5]

Pluke's activities in maintaining and using the van and trailer involved in the accident were a part of his road band business. Though in another context they might be typical non-business activities for Pluke or anyone else, here they were directly related to the band's business and Pluke's profit motive. Under the *Brown* analysis, we conclude that this business use of the van and trailer tainted any subjective non-business character which these activities might have had and prevents their exception from the business pursuits exclusion. To hold otherwise would implicate two unreasonable results: robbing the exception of effect and extending coverage to risks not contemplated under the policy.

*By the Court.*—Judgment affirmed.

---

[5] Though the *Brown* court held a differently worded exception ambiguous, we conclude that its business pursuits analysis is both applicable and useful here.

† Petition to review denied.