Lori RUFF and Kevin G. Ruff, as Co-Personal
Representatives of the Estate of Dustyn J. Ruff,
Deceased, Kevin G. Ruff and Lori Ruff, individually
and as parents and next friends of Dustyn J. Ruff, a
deceased minor, and Kevin G. Ruff and Lori Ruff, as
parents and next friends of Dalton L. Ruff, a minor,
Plaintiffs-Appellants,†

v.

Evelyn GRAZIANO, Defendant,

RURAL MUTUAL INSURANCE COMPANY, a Wisconsin
corporation, Defendant-Respondent.

Court of Appeals

*No. 97–1686. Oral argument April 28, 1998.—Decided June
10, 1998.*

(Also reported in 583 N.W.2d 185.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert Marc Chemers, Donald J. O'Meara, Jr.* and *Scott L. Howie,* of *Pretzel & Stouffer, Chartered* of Chicago, Illinois, and *Stephanie L. Melnick* and *Jennifer M. Kopps* of *Melnick & Melnick, S.C.* of Milwaukee. There was oral argument by *Scott L. Howie.*

On behalf of the defendant-respondent, the cause was submitted on the brief and oral argument of *Timothy J. Algiers* of *O'Meara, Eckert, Pouros & Gonring* of West Bend.

Before Brown, Nettesheim and Anderson, JJ.

NETTESHEIM, J.   Lori and Kevin G. Ruff appeal from a summary judgment dismissing their negligence and wrongful death claims against Rural Mutual Insurance Company. Their son, Dustyn, drowned at a beach while under the care of Rural Mutual's insured, Evelyn Graziano. At issue in this case is whether Rural Mutual's business exclusion clause in its homeowners policy issued to Graziano precludes coverage because

Graziano was being compensated for day care services at the time of Dustyn's death. We conclude that coverage is precluded by the business exclusion. We further conclude that the trip to the beach is not excepted from the exclusion as an activity "ordinarily considered non-business in nature." Accordingly, we affirm.

## FACTS

On August 18, 1995, Graziano took several children, including Dustyn and her son, to Harrington Beach in Belgium, Wisconsin. Dustyn disappeared while swimming and was later discovered drowned. At the time of the accident, Graziano was a licensed day care provider. She had operated a day care business out of her home since 1984. The Ruffs had engaged her services and Dustyn was under her care and supervision at the time of his death.

The Ruffs sued Graziano and Rural Mutual. The Ruffs alleged that Graziano had acted carelessly and negligently in supervising Dustyn and that Rural Mutual had issued a policy of liability insurance to Graziano which would provide coverage for their claims. The Ruffs' complaint asserted claims of negligence and wrongful death and additionally requested declaratory relief against Graziano and Rural Mutual based on the terms of the homeowners policy.[1] The Ruffs requested the circuit court to enter an order providing that Rural Mutual had a duty to defend and indemnify Graziano. Rural Mutual's response denied coverage and requested that the Ruffs' complaint be dismissed.

---

[1] The Ruffs' original complaint, filed on August 15, 1996, alleged claims of negligence and wrongful death. An amended complaint was filed January 31, 1997, reasserting the original claims and additionally requesting declaratory relief.

On February 2, 1997, Rural Mutual moved for summary judgment claiming that coverage under its policy was precluded by the "business-pursuits" exclusion. That exclusion provides that coverage for personal liability will not apply to "**personal injury** . . . resulting from **business** activities of an **insured**." The Ruffs opposed summary judgment based on the exception language to the exclusion which states: "This exclusion does not apply to activities in conjunction with **business** pursuits which are ordinarily considered non-business in nature." The Ruffs argued that a trip to the beach is an activity which is "ordinarily considered non-business in nature."

The circuit court held a hearing on the issue of coverage on May 13, 1997. The court granted summary judgment in favor of Rural Mutual based on its finding that the outing to the beach was a "business activity." The court stated:

> Graziano was charged with the care and maintenance and control of these children. She on a regular basis often had children participate in field trip activities. . . . It's an activity that she performed in the operation of her day care service, and the court finds that therefore the activity of taking the children to the Harrington Park [beach] was not nonbusiness in nature.

The Ruffs appeal.

## DISCUSSION

We review a motion for summary judgment using the same methodology as the trial court. *See M & I First Nat'l Bank v. Episcopal Homes Management, Inc.*, 195 Wis. 2d 485, 496, 536 N.W.2d 175, 182 (Ct. App.

1995). That methodology is well known, and we will not repeat it here except to observe that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.* at 496–97, 536 N.W.2d at 182; *see also* § 802.08(2), STATS.

■

The central issue on appeal is whether the business exclusion in Rural Mutual's homeowners policy applies to the excursion to the beach during which Dustyn drowned. The interpretation of an insurance contract presents a question of law which we review de novo. *See Oaks v. American Family Mut. Ins. Co.*, 195 Wis. 2d 42, 47, 535 N.W.2d 120, 122 (Ct. App. 1995). Our goal in interpreting the language of the policy is to ascertain and carry out the intention of the parties. *See Sprangers v. Greatway Ins. Co.*, 182 Wis. 2d 521, 536, 514 N.W.2d 1, 6 (1994).

■

A business-pursuits exclusion, such as the one in this case, is a common exception to the broad coverage provided in homeowners and general liability insurance policies. *See Bertler v. Employers Ins.*, 86 Wis. 2d 13, 19, 271 N.W.2d 603, 606 (1978). The purpose and necessity for such an exclusion were discussed in *Bertler*. There the court cited the following explanation for the use of the business-pursuits exclusion:

> "The comprehensive personal liability policy . . . is designed to insure primarily within the personal sphere of the policyholder's life and to exclude coverage for hazards associated with regular income-producing activities. . . . [T]he hazards of their respective income-producing activities are diverse and involve different legal duties and a greater risk of injury or property damage to third parties than

personal pursuits. Business activities can be insured by other types of policies. Their exclusion from personal liability policies avoids areas requiring specialized underwriting, prevents unnecessary coverage overlaps, and helps keep premiums low." [Lawrence A.] Frazier, "The Business-Pursuits Exclusion Revisited," 1977 Insurance Law Journal 88, 89.

*Id.* at 20, 271 N.W.2d at 606–07. Because this exclusion seeks to limit liability, it must be construed against the insurer. *See Bartel v. Carey*, 127 Wis. 2d 310, 314, 379 N.W.2d 864, 866 (Ct. App. 1985). However, "a policy may not be construed to bind the insurer to a risk which it did not contemplate and for which it received no premium." *Id.* at 314–15, 379 N.W.2d at 866.

The "business-pursuits" exclusion in Graziano's homeowners policy provides as follows:

LIABILITY AND MEDICAL COVERAGES

**Coverage E - Personal Liability**: **We** will pay, up to **our** limit of liability, all sums for which an **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies. The injury or damage must occur during the **policy term**. **WE DO NOT COVER PUNITIVE OR EXEMPLARY DAMAGES.**

. . . .

**Exclusions:** Coverage E does not apply to:

   . . . .

  7.  **personal injury:**

   . . . .

  f.    resulting from **business** activities of an **insured**; (This exclusion does not apply to activities in conjunction

with **business** pursuits which are ordinarily considered non-business in nature.)

The Ruffs make two arguments on appeal: (1) Graziano's trip to the beach on August 18 does not fall under the business-pursuits exclusion and (2) if it does, the exclusion does not apply because the trip to the beach is "an activit[y] in conjunction with business pursuits which [is] ordinarily considered non-business in nature."

The Ruffs first contend that "[t]he business-pursuits exclusion is not invoked because [Dustyn's] death was not the result of Mrs. Graziano's business pursuit." The Ruffs rely on Graziano's testimony that she would have gone to the beach regardless of whether she was engaged in day care activity. The Ruffs argue that, therefore, the exclusion does not apply.

In support, they rely upon our supreme court's holding in *Bertler*. There, the plaintiff was injured during the scope of his employment when he was struck by a forklift vehicle operated by a coemployee. *See Bertler*, 86 Wis. 2d at 15, 271 N.W.2d at 604. The plaintiff sought to recover damages against his coemployee and his homeowners liability insurer. *See id*. The insurer argued that the occurrence fell within the "business-pursuits" exclusion in the policy and thus, coverage was precluded. *See id*. at 16–17, 271 N.W.2d at 605.

The *Bertler* court concluded that coverage was precluded under the business-pursuits exclusion because "[the insured's] conduct in operating the forklift at the time of the accident, undertaken in the course of his employment, was regular activity engaged in with a profit motive." *Id*. at 22, 271 N.W.2d at 608. The Ruffs attempt to distinguish *Bertler*, arguing that "[w]hile the Bertler insured had no non-business reason to be

operating a forklift, Mrs. Graziano's presence at the beach was not dependent upon her business." We are unpersuaded.

The *Bertler* court adopted a two-pronged definition of "business pursuits." *See id.* at 21–22, 271 N.W.2d at 607–08. First, there must be continuity such that there is a customary engagement or a stated occupation. *See id.* at 21, 271 N.W.2d at 607. Second, there must be a profit motive such that the activity is a "means of livelihood, gainful employment, means of earning a living, procuring subsistence or profit, commercial transactions or engagements." *Id.* (quoted source omitted). Graziano testified that she had been providing day care services since 1984 and that she did so in order to earn a second income for her household. We conclude that Graziano's day care service falls within the definition of a "business pursuit."

Although the Ruffs contend that Graziano's uncontroverted testimony indicates that she would have been at the beach even if she had not been conducting day care that day,[2] it is also uncontroverted that she was providing day care services to Dustyn and several other children on August 18. We conclude that Graziano's trip to the beach on the day in question was undertaken in the course of providing day care services—an activity she engaged in with a profit motive. *See id.* The Ruffs' reliance on *Bertler* is misplaced.

Next, the Ruffs contend that even if Dustyn's death was the result of a business pursuit, it falls under the exception in the policy which provides that the business-pursuits exclusion does not apply "to activities in conjunction with **business** pursuits which

---

[2] This is based upon Graziano's testimony that she intended to meet one of her sons at the beach.

are ordinarily considered non-business in nature." The Ruffs argue that because the beach trip was not an inherent part of Graziano's business it is properly excepted from the exclusion. We disagree.

The Ruffs rely upon our decision in *Bartel*. We agree that *Bartel* provides the appropriate guidance on this issue.[3] However, we disagree that it supports the Ruffs' position. In *Bartel*, the plaintiff was killed when the car in which he was a passenger was struck by an equipment trailer which had detached from a van. *See Bartel*, 127 Wis. 2d at 312, 379 N.W.2d at 865. The trailer had been attached by a member of a traveling band. The band member owned a homeowners liability policy which contained a business-pursuits exclusion. *See id.* As in this case, the policy included an exception to the exclusion which provided that business pursuits did not include "activities which are ordinarily incident to non-*business* pursuits." *See id.* at 312–13, 379 N.W.2d at 865. The plaintiff sued the band member and the insurance company which had issued the homeowners liability policy. The trial court granted the insurance company's motion for summary judgment based on the business-pursuits exclusion. *See id.* at 313, 379 N.W.2d at 865.

We affirmed the trial court's decision. We rejected the plaintiff's argument that the "mere act of hitching a trailer to a vehicle is so common to everyday life that it must be viewed as an 'activity ordinarily incident to non-business pursuits.' " *See id.* at 316, 379 N.W.2d at 867. In so doing, we also rejected the plaintiff's contention that the test was not whether the activity is unusual in a business setting but whether it is unusual in a non-business setting. *See id.* at 316–17, 379

---

[3] We therefore decline the Ruffs' invitation to look to extrajurisdictional authority for guidance on this issue.

N.W.2d at 867. We stated that we could not "reasonably construe the exception to restore coverage to an excluded business pursuit merely because it involves an activity typically incident to personal rather than commercial life." *Id.* at 317, 379 N.W.2d at 867. We held that in determining coverage, a court must examine the immediate context of the activity from which the claim arises. *See id.*

Applying the logic and analysis of *Bartel* to the facts of this case, we must affirm the trial court's holding that the exclusion, not the exception, applies to the trip to the beach. We have already concluded that Graziano took Dustyn to the beach as part of her day care services. Although the Ruffs stress, and Rural Mutual concedes, that going to the beach with children is a common activity during summers in Wisconsin, *Bartel* instructs that the exception does not restore coverage to an excluded business pursuit merely because it involves an activity typically incident to personal rather than commercial life. *See id.* Instead, we must consider the trip to the beach in the context in which it was taken. Here, that context is one in which a day care provider is rendering the services required under the business arrangement. Like the trailer-hitching activity in *Bartel*, a trip to the beach may ordinarily be non-business related. However, in this context it was directly related to Graziano's business activities. Therefore, Graziano was operating in the context of her day care business at the time of the accident. We conclude that the trip to the beach does not fall under the exception to the business-pursuits exclusion. Therefore, the exclusion applies.

As a final argument, the Ruffs contend that the business-pursuits exclusion, as limited by the exception, is ambiguous and, therefore, must be construed in

favor of coverage. *See Smith v. State Farm Fire & Cas. Co.*, 192 Wis. 2d 322, 329, 531 N.W.2d 376, 379 (Ct. App. 1995) ("Ambiguities in a contract of insurance are resolved in favor of coverage."). We disagree.

"The mere fact that a word has more than one dictionary meaning, or that the parties disagree about the meaning, does not necessarily make the word ambiguous if the court concludes that only one meaning applies in the context and comports with the parties' objectively reasonable expectations." *Sprangers*, 182 Wis. 2d at 537, 514 N.W.2d at 7. We conclude that the policy language clearly excludes coverage for those injuries resulting from business activities and that the exception unambiguously serves to restore coverage to those "activities in conjunction with business pursuits which are ordinarily considered non-business in nature."

It is the nature of Graziano's business pursuits that a significant portion of her business activities are ordinarily considered non-business in nature, i.e., feeding, clothing and supervising children. However, one cannot reasonably expect that these activities which comprise Graziano's business pursuits will be covered by a general liability homeowners policy. The *Bartel* court expressly rejected as unreasonable the notion that homeowners policies would provide liability coverage for many persons "(e.g. self-employed cooks, gardeners, and janitors)" simply because these businesses involve activities common to non-business life. *See Bartel*, 127 Wis. 2d at 317, 379 N.W.2d at 867. We conclude that the policy language is unambiguous. We therefore reject the Ruffs' contention that we should find coverage based on ambiguity.

## CONCLUSION

We conclude that the trip to the beach on the day of Dustyn's death falls under the business-pursuits exclusion in Rural Mutual's homeowners liability policy. We further conclude that the activity does not fall under the exception to the exclusion. Because coverage is precluded by the business-pursuits exclusion, the trial court properly granted summary judgment in favor of Rural Mutual. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.