James R. and Kathleen RUFENER, Plaintiffs-Appellants,

v.

STATE FARM FIRE & CASUALTY COMPANY, Defendant-Respondent,†

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Jerry W. Martin, American Family Mutual Insurance Company, and Wisconsin Health Fund, Defendants.

Court of Appeals

*No. 98–0086. Submitted on briefs July 2, 1998.—Decided August 20, 1998.*

(Also reported in 585 N.W.2d 696.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Shawn R. Crain* and *Hope K. Olson* of *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mark W. Pernitz* and *Jennifer S. Mirus* of *Boardman, Suhr, Curry & Field LLP* of Madison.

Before Vergeront, Roggensack and Deininger, JJ.

DEININGER, J. James Rufener appeals a summary judgment dismissing State Farm Fire & Casualty Company from his personal injury action against Jerry Martin, State Farm's insured under a homeowner's policy. The trial court determined, as a matter of law, that Martin's liability for Rufener's injuries was excluded by the "business pursuits" exclusion of the State Farm policy. We conclude that the activities that led to Rufener's injuries were "ordinarily incident to non-business pursuits," and therefore fall within an exception to the business pursuits exclusion. We there-

502

fore reverse the judgment dismissing State Farm as a party to the action.

## BACKGROUND

Jerry Martin operated a part-time snowplowing business from his home, using his personal pickup trucks for the plowing. When Martin plowed, he attached to the back of his truck a salter/sander which spread salt or sand on parking lots and driveways. The salter/sander was heavy—about 650 pounds when empty—and Martin removed and reattached it to his trucks as necessary.

To facilitate the removal and reattachment of the salter/sander, Martin decided to attach a hoist to the rafters of his garage. James Rufener, Martin's co-worker at his regular full-time job, assisted with the installation of the hoist. Rufener and Martin temporarily nailed a 4" x 4" wooden beam to the rafters so that the location of bolts could be marked on it. As Rufener and Martin were removing the beam, Rufener fell from a ladder and was seriously injured. The record does not establish the precise cause of Rufener's fall.

Rufener sued Martin and State Farm, Martin's homeowner's liability insurer.[1] The State Farm policy contained a "business pursuits" exclusion common to homeowner's liability policies. This exclusion provides

---

[1] Rufener also sued State Farm Mutual Automobile Insurance Company, which provided Martin with automobile liability insurance, and American Family Mutual Insurance Company, which provided Rufener with underinsured motorist coverage. The trial court determined that Rufener's injuries were not covered under these policies because Rufener's injuries did not arise out of the use of an insured vehicle. Rufener does not appeal the summary judgments granted to these two defendants.

that coverage does not extend to liability for: "b. bodily injury or property damage arising out of business pursuits of any insured . . . ." The business pursuits exclusion contains an exception, however, which is also common to homeowner's policies. The exception provides that the exclusion does not apply: "(1) to activities which are ordinarily incident to non-business pursuits." The trial court determined that the "business pursuits" exclusion precluded coverage under Martin's homeowner's policy, and that the exception did not apply to the activities that led to Rufener's injuries. The court granted summary judgment and dismissed Rufener's complaint against State Farm. Rufener appeals the trial court's summary judgment in favor of State Farm.

## ANALYSIS

We review the trial court's grant of summary judgment using the same methodology as the trial court. *See M&I First Nat'l Bank v. Episcopal Homes Management, Inc.,* 195 Wis. 2d 485, 496, 536 N.W.2d 175, 182 (Ct. App. 1995). That methodology is well known, and we need not repeat it here except to observe that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.* at 496–97, 536 N.W.2d at 182; *see also* § 802.08(2), STATS. We also observe that we must view the evidence in the light most favorable to the non-moving party, in this case Rufener. *See Grams v. Boss,* 97 Wis. 2d 332, 338–39, 294 N.W.2d 473, 477 (1980).

The issue before us is the interpretation of the State Farm policy and its application to the facts of this case. Specifically, we must interpret the business pur-

suits exclusion and the exception to that exclusion, and determine whether either applies to Rufener's injuries. If the exclusion applies, Rufener's injuries are not covered by State Farm unless the exception also applies, in which case Rufener is covered after all. Rufener contends on appeal that he is covered because his injuries did not arise out of Martin's business pursuits, and therefore the business pursuits exclusion does not apply. He also contends that even if the exclusion applies, he is nevertheless covered because the activities that led to his injuries were "ordinarily incident to non-business pursuits," so that the exception to the exclusion applies.

The interpretation of an insurance contract presents a question of law which we review de novo. *See Oaks v. American Family Mut. Ins. Co.*, 195 Wis. 2d 42, 47, 535 N.W.2d 120, 122 (Ct. App. 1995). Our goal in interpreting the language of the policy is to ascertain and carry out the intention of the parties. *See Sprangers v. Greatway Ins. Co.*, 182 Wis. 2d 521, 536, 514 N.W.2d 1, 6 (1994). Because the business pursuits exclusion seeks to limit liability, any ambiguity in it must be construed against the insurer. *See Bartel v. Carey*, 127 Wis. 2d 310, 314, 379 N.W.2d 864, 866 (Ct. App. 1985). However, "a policy may not be construed to bind the insurer to a risk which it did not contemplate and for which it received no premium." *Id*. at 314–15, 379 N.W.2d at 866.

The facts material to the coverage issue are not disputed, although the parties disagree about the cause of Rufener's injuries. Rufener contends his injuries were caused by Martin supplying him with a defective ladder. State Farm contends that the record does not show that the ladder was defective before the

accident. This dispute is not material, however, because our analysis of the coverage issue does not depend on whether Rufener's injuries were caused by Martin supplying a defective ladder. For the purpose of this appeal, all that matters is that Martin may have been negligent in some way that contributed to Rufener's injuries. This much is adequately supported by the record when we view it in the light most favorable to Rufener, the non-moving party. *See Grams*, 97 Wis. 2d at 338–39, 294 N.W.2d at 477.

Thus, we begin with the business pursuits exclusion itself. We conclude, as did the trial court, that it applies to Martin's liability for Rufener's injuries. The exclusion applies to "bodily injury . . . arising out of the business pursuits of any insured . . . ." Martin's snowplowing operation was a business pursuit under the two-prong test adopted in *Bertler v. Employers Ins.*, 86 Wis. 2d 13, 21–22, 271 N.W.2d 603, 607–08 (1978). Martin had been engaged in the snowplowing business for twenty-two or twenty-three years thereby satisfying the continuity requirement. Martin's intent in operating his business was to make money, thereby satisfying the profit motive requirement. That Martin worked full-time in another job is of no importance, because part-time businesses are businesses for the purposes of the exclusion, so long as they meet the requirements of the *Bertler* test. *See Williams v. State Farm Fire & Cas. Co.*, 180 Wis. 2d 221, 230 & n.3, 509 N.W.2d 294, 298 & n.3 (Ct. App. 1993).

Rufener's injuries "arose out of" Martin's snowplowing operation even though Martin was not plowing snow at the time. "The words 'arising out of' in liability insurance policies are very broad, general, and comprehensive; and are ordinarily understood to mean

originating from, growing out of, or flowing from. All that is necessary is some causal relationship between the injury and the event not covered." *Garriguenc v. Love*, 67 Wis. 2d 130, 137, 226 N.W.2d 414, 418 (1975); *see also Bartel*, 127 Wis. 2d at 315, 379 N.W.2d at 867 (applying broad interpretation of "arising out of" to business pursuits exclusion). Rufener's injuries have "some causal relationship" to Martin's snowplowing business, and therefore they fall within the business pursuits exclusion in Martin's homeowner's policy. Thus, Rufener's injuries are not covered unless the exception to the exclusion applies.

We consider first whether the language of the exception to the business pursuits exclusion is ambiguous. A policy provision is ambiguous when "reasonably susceptible to more than one construction from the viewpoint of a reasonable person of ordinary intelligence in the position of the insured." *Cardinal v. Leader Nat'l Ins. Co.*, 166 Wis. 2d 375, 383, 480 N.W.2d 1, 4 (1992) (citations omitted). If the exception is ambiguous, any doubts about the scope of coverage must be resolved in Rufener's favor. *See Bartel*, 127 Wis. 2d at 314, 379 N.W.2d at 866. The exception to the business pursuits exclusion has been heavily litigated in many jurisdictions with varying results that cannot be fully reconciled. *See* David J. Marchitelli, Annotation, *Construction and Application of "Business Pursuits" Exclusion Provision in General Liability Policy*, 35 A.L.R. 5th 375 (1996). As many courts have already discovered, the exception is often awkwardly worded and its meaning is not obvious. *Cf. Thoele v. Aetna Cas. & Sur.*, 39 F.3d 724, 730 (7th Cir. 1994) ("we are more than a little puzzled as to why insurers . . . have not attempted a better articulation of the exception"). Under Wisconsin law, however, our

interpretation of the exception to the business pursuits exclusion is guided by *Bartel v. Carey*, 127 Wis. 2d 310, 379 N.W.2d 864 (Ct. App. 1985). We conclude that the exception to the business pursuits exclusion is not ambiguous, and that its meaning is established by *Bartel*.

In *Bartel*, a "road band" was transporting its musical equipment to an engagement when the trailer containing the equipment became detached from the van pulling it. The plaintiff's husband was killed in the ensuing accident. The band member who had attached the trailer to the van was insured under a homeowner's policy with a business pursuits exclusion and an exception identical to the one at issue here. The plaintiff argued that the exception applied and the accident should be covered because the act of hitching a trailer to a van is so common to everyday life that it must be viewed as an "activity ordinarily incident to non-business pursuits." *Id.* at 316, 379 N.W.2d at 867.

We rejected that interpretation as unreasonable because it would "require insurers to provide liability coverage for many persons (e.g. self-employed cooks, gardeners, and janitors) under homeowners policies merely because these businesses involve activities common to non-business life." *Id.* at 317, 379 N.W.2d at 867. Such an interpretation would render the business pursuits exclusion superfluous. *See id.* at 318, 379 N.W.2d at 868. We adopted the analysis of *New Jersey Property Liab. Guar. Ass'n v. Brown*, 417 A.2d 117, 120 (N.J. Super. Ct. App. Div. 1980), and *Gulf Ins. Co. v. Tilley*, 280 F. Supp. 60, 64–65 (N.D. Ind. 1967), *aff'd*, 393 F.2d 119 (7th Cir. 1968), and we held that the exception does not "restore coverage to an excluded business pursuit merely because it involves an activity

508

typically incident to personal rather than commercial life." *Bartel*, 127 Wis. 2d at 317, 379 N.W.2d at 867. Rather, we determined that the exception to the exclusion restores coverage when the insured's liability arises "out of an act or omission that is ordinarily not associated with or related to the insured's business pursuits." *Id.* at 317–18, 379 N.W.2d at 867–68 (quoted source omitted). We also determined that in applying the exception to the business pursuits exclusion, the activity giving rise to the claim must be examined in its immediate context. *See id.* at 317, 379 N.W.2d at 867. Because the attachment of the trailer to the van occurred in the context of an ordinary part of the band's business, the exception did not apply and the accident was excluded from coverage. *See id.* at 318, 379 N.W.2d at 868.

Before applying the *Bartel* analysis to the present facts, we note that *Brown*, 417 A.2d 117, and *Tilley*, 280 F. Supp. 60, the cases on which we relied in *Bartel*, are helpful only to a point. According to a passage from *Tilley*, which we quoted in *Bartel*, the exception restores coverage to certain activities that arise out of the insured's business pursuits, but only those which are not "tainted" by being associated with a business pursuit. *See Bartel*, 127 Wis. 2d at 318, 379 N.W.2d at 868. In lieu of examining a given activity for the "taint" of business pursuits, we deem it more appropriate to examine objective factors, such as the frequency of the activity in relation to the business pursuit and its closeness in time and place to the actual income-producing activity.

Two principles from *Bartel* are applicable to the present case. First, in determining whether the injury-producing activity is "ordinarily not associated with or related to the insured's business pursuits," we examine

the activity not in isolation, but in its immediate context. Applying this principle, we conclude, contrary to Rufener's argument, that it does not matter whether the "activity" that led to his injuries is deemed to be "the fall of a ladder" or whether it is "the installation of a hoist." The context of Rufener's fall was the installation of the hoist in Martin's garage for use in Martin's business.

The second principle we derive from *Bartel* is that in applying the exception to the business pursuits exclusion, the proper inquiry is whether the activity is ordinarily part of or related to the insured's business. Thus the decisive question here is whether the installation of the hoist was ordinarily part of or related to Martin's snowplowing business. We conclude that it was not, and that Rufener's injuries are covered under the State Farm policy by virtue of the exception to the business pursuits exclusion. We base our conclusion on two undisputed facts.

First, the installation of the hoist was not "ordinarily" a part of Martin's business, in the sense that it was not typically or regularly a part of Martin's snowplowing business. The hoist installation was a one-time occurrence, and it would not be repeated whenever Martin would plow snow. The attachment of the trailer in *Bartel*, on the other hand, occurred whenever the band traveled to an engagement.

Second, the hoist installation was not "part of" Martin's business, in the sense that it occurred in a separate place and at a separate time from Martin's income-producing activity. Thus, this case is also distinguishable from a recent case where we determined that the exception did not apply. In *Ruff v. Graziano*, 220 Wis. 2d 513, 5223, 583 N.W.2d 185, 189 (Ct. App. 1998), we held that the exception to the business pur-

suits exclusion did not apply to an accident that occurred while a day care provider was "rendering the services required under the business arrangement." In *Ruff*, a child drowned during a trip to the beach with a home day care provider. We held that the exception to the business pursuits exclusion in the day care provider's homeowner's insurance policy did not apply because the accident occurred during an activity that was part of the services rendered under the business arrangement. Here, Martin did not install the hoist while rendering services required under his business arrangements.

We reject State Farm's argument that the exception should not apply to Rufener's injuries because the intended use of the hoist was "directly related to" Martin's snowplowing business. We recognize that Martin's hoist had a predominantly business purpose, because it facilitated switching his trucks between personal and business use. But State Farm's interpretation would render the exception superfluous. The exception operates to restore coverage to some activities that admittedly "arise out of" the insured's business pursuits. When an activity is not at all related to the business pursuit, there is no need to invoke the exception, because the exclusion itself does not apply. By the same token, if the exception does not apply whenever the injury-producing activity is related in any way to the insured's business, the exception would be robbed of all effect. In *Bartel*, we rejected an interpretation that would deprive the exclusion of effect; here, we reject an interpretation that would deprive the exception of effect.[2]

---

[2] We also reject the "but for" test applied by the Seventh Circuit in *Thoele v. Aetna Cas. & Sur.*, 39 F.3d 724 (7th Cir. 1994). Under this approach, any activity that would not have

■
We conclude that the installation of Martin's hoist is an activity that arises out of the insured's business pursuits. Thus, Martin's liability for Rufener's injuries would be excluded from coverage by the business pursuits exclusion. The installation of the hoist, however, is not ordinarily part of or related to Martin's snow-plowing business. Consequently, the State Farm policy covers Martin's liability for Rufener's injuries by virtue of the exception to the business pursuits exclusion. Accordingly, we reverse the summary judgment dismissing State Farm and remand for further proceedings consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded.

occurred but for the business activity is excluded from coverage under the policy, and the exception applies only to activities that would have taken place even without the business pursuit. We reject this test for several reasons. First, *Thoele* was decided under Illinois law, and is not fully consistent with our decision in *Bartel*. Second, State Farm has not argued that we should adopt this test, although the result would be favorable to State Farm. Third, in cases involving activities that have a partial business purpose, such a test would be difficult to apply because coverage would turn on the state of mind of the insured.